**MUNGER, TOLLES & OLSON LLP**

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

355 SOUTH GRAND AVENUE
THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

October 13, 2015

Writer's Direct Contact
(415) 512-4008
(415) 644-6908 FAX
rose.ring@mto.com

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

      Re:    *James Robinson v. Disney Online d/b/a Disney Interactive,*
                <u>Civil Action No. 1-14-CV 4146 (RA)(DCF)</u>

Dear Judge Abrams:

      I write on behalf of Defendant Disney Online d/b/a Disney Interactive ("Disney") to alert the Court to a relevant decision issued on Friday, October 9, 2015 by the U.S. Court of Appeals for the Eleventh Circuit in *Ellis v. The Cartoon Network, Inc.*, No. 14-15046. A copy of the decision is attached as Exhibit A ("Op.").

      In *Ellis*, the plaintiff asserted a claim under the Video Privacy Protection Act ("VPPA") based on the alleged disclosure of mobile device identification numbers (Android IDs) to a third-party data analytics company, Bango. The district court dismissed the plaintiff's VPPA claim, holding that Android IDs and video viewing records were not "personally identifiable information" under the VPPA because they did not, "in [their] own right, without more, link an actual person to actual video materials." *Ellis v. Cartoon Network, Inc.*, 2014 WL 5023535, at *3 (N.D. Ga. Oct. 8, 2014). The Eleventh Circuit affirmed the district court's dismissal of the plaintiff's claim, but on alternative grounds, holding that the plaintiff was not a "consumer,"

MUNGER, TOLLES & OLSON LLP

Judge
October 13, 2015
Page 2

defined in the VPPA as a "renter, purchaser, or subscriber of goods or services from a video tape service provider."[1] § 2710(a)(1).  The Eleventh Circuit rejected the plaintiff's allegation that he was a "subscriber" within the meaning of the statute because he downloaded the Cartoon Network app to his smartphone and viewed freely available content, as a "'subscription' involves some type of commitment, relationship, or association (financial or otherwise) between a person and an entity."  Op. at 11.  Thus, as the court concluded, the "downloading of a mobile app on an Android device to watch free content, without more, does not a 'subscriber' make."  *Id*. at 14-15; *see also id*. at 9-11 (relying on *Yershov v. Gannett Satellite Info. Network, Inc.*, 2015 WL 2340752, at *9-10 (D. Mass. May 15, 2015), and *Austin-Spearman v. AMC Network Entm't LLC*, 2015 WL 1539052, at *6-8 (S.D.N.Y. Apr. 7, 2015)).

Likewise, here, Plaintiff alleges that he was a "subscriber" merely because "he downloaded and installed the Disney Channel on his Roku device, and subsequently watched videos through the Disney Channel."  First Amend. Compl. ¶ 53.  As in *Ellis*, there is no allegation here that Plaintiff registered with or provided any information to Disney, paid any money to Disney, or made any commitment or established any relationship that allowed him to have access to exclusive or restricted content through the Disney Channel app.[2]

Thank you for your attention to this matter.

Respectfully submitted,

*/s/Rosemarie T. Ring*

Rosemarie T. Ring

cc:     All Counsel (via ECF)

---

[1] The Court expressed no view on the meaning of the term "personally identifiable information" in the VPPA.  Op. at 15 n.2.

[2] For this same reason, and as explained in Disney's moving and reply papers, Plaintiff's alternative claim that he is a "renter" within the meaning of the statute fails because the plain meaning of "rent" includes *payment*.  ECF No. 31 at 17 & ECF No. 34 at 10, citing Merriam-Webster Dictionary (defining "to rent" as "to take and hold under an agreement to *pay* rent," and "rent" as "the amount *paid* by a hirer of personal property to the owner for the use thereof" (emphases added)); Black's Law Dictionary (9th ed. 2009) (defining "rent" as "[t]o *pay* for the use of another's property" (emphasis added)).