**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMES ROBINSON, individually and
on behalf of all others similarly situated,

       *Plaintiff*,

      *v.*

DISNEY ONLINE d/b/a
DISNEY INTERACTIVE,
a California Corporation,

       *Defendant*.

No. 14-cv-04146-RA (DCF)

The Honorable Ronnie Abrams

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER**</u>

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

ARGUMENT .................................................................................................................2

    I.     THERE IS A SUBTLE—BUT IMPORTANT—DISTINCTION
          BETWEEN SINGLING OUT AND IDENTIFYING ................................3

    II.    WHETHER A DISCLOSURE IDENTIFIES—RATHER THAN
          SINGLES OUT—AN INDIVIDUAL DEPENDS ON WHO RECEIVES
          THE DISCLOSURE, AND IS ULTIMATELY A QUESTION FOR
          THE JURY .................................................................................................6

    III.   OVERLOOKING THE DISTINCTION BETWEEN SINGLING OUT
          AND IDENTIFYING RESULTED IN AN UNWORKABLE TEST .......10

CONCLUSION.............................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

**United States Court of Appeals Cases:**

*Brayton v. Crowell-Collier Publ'g Co.*,
    205 F.2d 644 (2d Cir. 1953)..................................................................8

*Church of Scientology of Cal. v. Flynn*,
    744 F.2d 964 (9th Cir. 1984) ..........................................................7, 8

*Cranberg v. Consumers Union of U.S., Inc.*,
    756 F.2d 382 (5th Cir. 1985) ...............................................................7

*Croixland Props. Ltd. P'ship v. Corcoran*,
    174 F.3d 213 (D.C. Cir. 1999) .............................................................7

*Geisler v. Petrocelli*,
    616 F.2d 636 (2d Cir. 1980)........................................................6, 7, 8

*Rudzicka v. Conde Nast Publication, Inc.*,
    999 F.2d 1319 (8th Cir. 1993) ..........................................................7, 9

*Shrader v. CSX Transp. Inc.*,
    70 F.3d 255 (2d Cir. 1995)...................................................................3

*Speaker v. CDC*,
    623 F.3d 1371 (11th Cir. 2010) ...........................................................9

*Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*,
    164 F.3d 186 (3d Cir. 1998)................................................................7

**United States District Court Cases:**

*Diaz v. NBC Universal, Inc.*,
    536 F. Supp. 2d 337 (S.D.N.Y. 2008) .................................................8

*Doe v. Knox Cnty. Bd. of Ed.*,
    918 F. Supp. 181 (E.D. Ky. 1996) .......................................................9

*Lisowski v. Reinauer Transp. Co.*,
    No. 03-CV-5396 (NGG), 2009 WL 763602 (S.D.N.Y. Mar. 23, 2009).............2, 3

*Pisani v. Staten Island Univ. Hosp.*,
    440 F. Supp. 2d 168 (E.D.N.Y. 2006) .................................................8

*Sacchi v. Verizon Online LLC*,
    No. 14-CV-423 RA, 2015 WL 1729796 (S.D.N.Y. Apr. 14, 2015)......................3

**Statute:**

18 U.S.C. § 2710 *et seq.*................................................................1, 3

**Secondary Sources:**

Ed Felten, *Does Hashing Make Data "Anonymous"?*,
Tech@FTC Blog (April 22, 2012), http://1.usa.gov/1kPA8W4 ............................4

Paul Ohm, *Broken Promises of Privacy: Responding to the Surprising Failure of Anonymization*, 57 UCLA L. Rev. 1701 (2010) ......................................................5

Restatement (Second) of Torts § 564 ..........................................................................6, 7

**<u>INTRODUCTION</u>**

Plaintiff James Robinson, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, respectfully moves this Court to reconsider its October 20, 2015 Opinion & Order dismissing his First Amended Class Action Complaint ("Complaint") against Defendant Disney Online d/b/a Disney Interactive ("Disney"). Plaintiff's Complaint alleged that Disney violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") by disclosing what Disney videos he watched on his Roku streaming-media device to Adobe, a data analytics company. This Court dismissed the Complaint, holding that Mr. Robinson failed to allege that Disney disclosed "personally identifiable information" ("PII") under the statute. Specifically, this Court held that "PII is information *which itself identifies* a particular person as having accessed specific video materials," (dkt. 40 at 9) (emphasis added), and that Disney's alleged disclosure of Mr. Robinson's Roku device serial number along with his video viewing history did not constitute such information (*id*. at 11).

As this Court recognized, application of the VPPA to the disclosure of device identifiers is a complicated issue that courts throughout the country are struggling with, and one that has important implications for consumer privacy. But while this Court clearly thought deeply about the problem, it overlooked the critical distinction between *singling out* a particular individual and *identifying* that individual. An appreciation of this subtle but important distinction should have led this Court to not adopt a "must itself identify" test, which resulted in the dismissal of Plaintiff's Complaint.

Ultimately, the test articulated by this Court is not workable for a number of reasons. Information cannot "itself"—that is, on its face, within its four corners—identify

a particular person. At best, information can "itself" single out one individual from all other people. But whether that individual is *identified*—meaning that someone else knows who that particular person is—is not a function of the information "itself," but rather someone else's ability to understand the information and recognize the unique singled-out individual to whom it refers. Further, this dichotomy between singling out (which information can "itself" do) and identifying (which information cannot "itself" do), is not a problem unique to the VPPA, and is something that courts—including the Second Circuit—have been dealing with for years in other contexts. Those courts have recognized that whether disclosed information identifies a plaintiff depends on the recipient's understanding of the disclosure, and that whether a disclosure does so is ultimately a jury question.

Consequently, and as explained more fully below, because a Roku device identification number uniquely singles out one person from all others—the owner of that Roku device—it is ultimately a question of fact for the jury whether the Roku number disclosed here to Adobe sufficiently identified Mr. Robinson. Respectfully, this Court should reconsider its dismissal of Mr. Robinson's Complaint, and allow the litigation to continue.

## <u>ARGUMENT</u>

The decision to grant or deny a motion to reconsider under Federal Rule 59(e) or Local Rule 6.3 is within the sound discretion of this Court, and the motion is assessed under the same standard for both rules. *Lisowski v. Reinauer Transp. Co.*, No. 03-CV-5396 (NGG), 2009 WL 763602, at *1 (S.D.N.Y. Mar. 23, 2009). Reconsideration of a ruling is appropriate when a court has "overlooked" matters "that might reasonably be

expected to alter the conclusion reached by the court." *Sacchi v. Verizon Online LLC*, No. 14-CV-423 RA, 2015 WL 1729796, at *1 (S.D.N.Y. Apr. 14, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion to reconsider may also be granted "to correct a clear error or prevent manifest injustice." *Lisowski*, 2009 WL 763602 at *1. Here, in holding that only information that "itself" identifies a person can constitute PII, this Court understandably—but crucially to the case—overlooked the important distinction between singling out a person and identifying that person. As explained below, full consideration of this distinction should alter the conclusion reached by this Court, and Plaintiff's motion for reconsideration should therefore be granted.

## I.   THERE IS A SUBTLE—BUT IMPORTANT—DISTINCTION BETWEEN SINGLING OUT AND IDENTIFYING.

The VPPA prohibits disclosure of PII, defined as "includ[ing] information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Mr. Robinson alleged that Disney disclosed to Adobe a record of what videos he watched along with his Roku device identification number. (Dkt. 20 ¶¶ 13, 42.) This Court held that these alleged disclosures did not constitute PII—i.e., that they did not identify Mr. Robinson as having requested or obtained specific video materials from Disney—because that information did not "itself" identify Mr. Robinson. (Dkt. 40 at 9, 11.) While assuming for purposes of the motion to dismiss "that Adobe did actually identify Robinson," (dkt. 40 at 3 n.1), this Court held that Adobe could do so only because it had its own information that allowed it to connect the Roku device number disclosed by Disney with Mr. Robinson, (dkt. 40 at 12). That Adobe actually identified Mr. Robinson did not matter to this Court, because while Disney disclosed device identification numbers, it did not also disclose a key

correlating those numbers to actual individuals.[1] (Dkt. 40 at 10-11.)

This Court's analysis was based on the premise that "any piece of information can, with enough effort on behalf of the recipient, be combined with other information so as to identify a person." (Dkt. 40 at 7). *See also* (dkt. 40 at 7) ("[A]ll information would, with some work, be identifying."); (dkt. 40 at 8) ("[V]irtually all information can, in the end, be identifying."). But, respectfully, that premise is misplaced; *not* all information about a person can ultimately lead to that person.

Information about people falls into two broad categories: information that uniquely refers to one and only one person in the world ("Unique Information"), and information that does not ("Non-Unique Information"). In the former category are pieces of information such as fingerprint, social security number, and photograph, as well as descriptions such as "the tallest woman in the world," "the person I am pointing to right now," and "the former Solicitor General and D.C. Circuit Judge whose Supreme Court nomination fight inspired passage of the VPPA." Each of these pieces of information singles out one individual from all others in the world.

In contrast, Non-Unique Information includes pieces of information such as eye color, birthday, and residential zip code, as well as descriptions such as "employee of

---

[1]     The Court found that Disney had "encrypted" or "anonymized" Mr. Robinson's Roku serial number by disclosing only a hashed version of that number. (Dkt. 40 at 11.) That is not quite accurate. Adobe's method of identifying individuals isn't limited to *just* Roku serial numbers; it works as long as Adobe gets an unchanging identifier tied to a specific person. A key property of a hash function is that when given a certain input (such as Mr. Robinson's Roku serial number), it always returns the same output. Ed Felten, *Does Hashing Make Data "Anonymous"?*, Tech@FTC Blog (April 22, 2012), http://1.usa.gov/1kPA8W4. As far as Adobe's ability to identify Mr. Robinson is concerned, therefore, hashing the serial number has no more encryption value than speaking Pig Latin.

General Motors," "baseball fan," and "college graduate." These pieces of information describe certain characteristics of a person, but do not uniquely single out *one* individual, since they can be shared by multiple people.

The Court's premise that all information can—with enough effort on the recipient's part—identify an individual applies only to Unique Information, not Non-Unique Information. That is because the former type of information refers to a single person, while the latter can refer to more than one person. Thus, this Court's concern that "the scope of PII would be limitless" absent a requirement that information "itself" identify an individual (dkt. 40 at 7) is unwarranted. Only Unique Information—information that singles out one and only one person—can be PII. If Disney disclosed only Non-Unique Information—for example, that a 35 year old white woman from Colorado with an income between $50,000 and $75,000 watched a particular video—that would *not* be PII because that information does not refer to a single, unique individual. A Roku device identification number, on the other hand, *does* refer to a single, unique individual: the owner of that Roku device.[2]

_____

[2]    To be clear, disclosing multiple pieces of certain Non-Unique Information together can render the entire disclosure Unique Information. For example, researchers have shown that 87% of people in the United States have a unique combination of zip code, birthdate, and sex. *See* Paul Ohm, *Broken Promises of Privacy: Responding to the Surprising Failure of Anonymization*, 57 UCLA L. Rev. 1701, 1719 (2010). Thus, while zip code, birthdate, and sex are each alone Non-Unique Information, the descriptor "the man/woman born on X date and living in Y zip code" would—for 87% of Americans—be Unique Information. But this is quite different from saying that "any piece of information can, with enough effort on behalf of the recipient, be combined with other information so as to identify a person." (Dkt. 40 at 7). While the trio of zip code, birthdate, and sex can—together—single out (though not identify) most Americans, disclosure of any of them alone is not enough to do so no matter how much effort the recipient expends.

## II.   WHETHER A DISCLOSURE IDENTIFIES—RATHER THAN SINGLES OUT—AN INDIVIDUAL DEPENDS ON WHO RECEIVES THE DISCLOSURE, AND IS ULTIMATELY A QUESTION FOR THE JURY.

The fact that a piece of Unique Information—such as Roku device identification number—*singles out* a unique individual does not mean that it *identifies* that person within the meaning of the VPPA. If the clerk at Judge Bork's video store had given the reporter the rental history of "customer number X," that information—while singling out one particular customer—would not necessarily "identify" that particular customer as Judge Bork. It is only if and when the reporter could make the connection between the customer number and Judge Bork that Judge Bork would be identified. But this kind of identification—the link between information that singles out a particular person and the actual identity of that person—cannot be done by the information itself. The connection is *always* based on the understanding of the recipient.

This concept—that whether information identifies (as opposed to merely singling out) a particular individual depends upon the understanding of the information's recipient—has long been recognized by courts in other contexts. For example, in order to be actionable, an allegedly defamatory statement must be "of and concerning" the plaintiff. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). But this does not mean that the allegedly defamatory statement must *itself identify* the plaintiff. *See id.* ("It is not necessary that all the world should understand the libel.") (internal quotations and alterations omitted). It is enough if the statement "designates the plaintiff in such a way" that the statement's audience understands that it refers to the plaintiff. *Id.*; *see also* Restatement (Second) of Torts § 564 ("A defamatory communication is made concerning the person *to whom its recipient ... understands that it was intended to refer*.") (emphasis

added). As the Restatement explains:

> It is not necessary that the plaintiff be designated by name; it is enough
> that there is such a description or reference to him *that those who hear or
> read [it] reasonably understand the plaintiff to be the person intended.*

*Id.* § 564 cmt. b (emphasis added). *See also Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*,
164 F.3d 186, 189 (3d Cir. 1998) ("A defamatory statement need not explicitly name a
plaintiff, so long as it was understood to refer to it by at least one third party."); *Cranberg
v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 389 (5th Cir. 1985) ("[I]t is not
necessary that [the plaintiff] be named in the article because those who knew and were
acquainted with him understood from reading the publication that it referred to him.");
*Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 697 n.6 (9th Cir. 1984) ("If
[plaintiff] proves that [defendant] intended to refer to [plaintiff] and that his audience
actually understood him to refer to [plaintiff], no further proof is required to establish this
element."); *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 216-17 (D.C. Cir.
1999) ("[I]t suffices that the statements at issue lead the listener to conclude that the
speaker is referring to the plaintiff by description, even if the plaintiff is never named or
is misnamed.").[3]

Furthermore, whether information is "of and concerning" a particular individual is
not an issue for a court to decide on a motion to dismiss, but ultimately an issue for the
jury. *See Geisler*, 616 F.2d at 640 ("[W]e do not need to determine at this early juncture

---

[3]     The Eighth Circuit applied the same analysis in a different context, where the
question was not whether a defamatory statement sufficiently identified the plaintiff, but
whether the author of a magazine article had breached a promise to the article's subject
not to identify her in the article. *See Rudzicka v. Conde Nast Publications, Inc.*, 999 F.2d
1319, 1322 (8th Cir. 1993) ("The test is neither the intent of the author nor the
apprehension of the plaintiff that the article might disclose the identity of the plaintiff, but
rather the reasonable understanding of the recipient of the communication.").

whether the 'of and concerning' requirement … can be sustained on the basis of the pleaded facts alone. We do note that the issue is generally left for resolution by the trier of fact."); *Church of Scientology*, 744 F.2d at 697 ("It is sufficient if from the evidence the jury can infer that the defamatory statement applies to the plaintiff.") (internal quotations omitted). Additionally, in making the determination, "it has long been the rule" that the jury can consider extrinsic evidence, and that a plaintiff "is entitled to develop and present a full evidentiary record on the issue." *Geisler*, 616 F.2d at 640; *see also Brayton v. Crowell-Collier Publ'g Co.*, 205 F.2d 644, 645 (2d Cir. 1953) ("[W]hether a written defamatory statement applies to a plaintiff is a jury question [and] this fact may be proved by extrinsic evidence.").

To illustrate, suppose that Disney told Adobe that the owner of Roku device number X was an unchaste woman or involved in organized crime, and that a plaintiff sued Disney alleging that the statement defamed her. One thing the plaintiff would have to show is that the statement was "of and concerning" her—essentially that it identified her. But whether the statement did so would be a question for the jury, and one that the plaintiff could establish through the use of extrinsic evidence. Thus, the jury could consider information outside the four corners of the disclosure, and would not be limited to determining whether the statement "itself" identified the plaintiff. And importantly here, a court could not dismiss the claim unless the statement was "incapable of supporting a jury's finding" that it referred to plaintiff. *Pisani v. Staten Island Univ. Hosp.*, 440 F. Supp. 2d 168, 173 (E.D.N.Y. 2006); *Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008).

Courts have applied this principle—that whether information identifies a

particular individual is a question of fact for the jury—in contexts other than defamation as well, including cases involving other federal privacy statutes. The Eleventh Circuit in a Privacy Act case refused to decide on a 12(b)(6) motion to dismiss "whether the [defendant] disclosed enough, or the requisite type of, identifying particulars to constitute a Privacy Act violation, which in turn caused [the disclosure's recipient] to identify [the plaintiff.]" *Speaker v. CDC*, 623 F.3d 1371, 1384 n.12 (11th Cir. 2010). Instead, the court held there that "[t]here has been no discovery and those issues are better addressed once the parties have an opportunity to develop the record." *Id*. A federal court in Kentucky similarly held that whether information is "personally identifiable" under another federal statute was a question for the jury. *Doe v. Knox Cnty. Bd. of Ed.*, 918 F. Supp. 181, 184 (E.D. Ky. 1996). And the Eighth Circuit held in a promissory estoppel case that issues relating to whether information in an article violated a promise by the author to the subject not to identify the subject were for a jury and could not be "summarily decided as a question of law." *Rudzicka*, 999 F.2d at 1322.

This Court's holding that information must "itself" identify an individual overlooked the distinction between singling out a particular person and identifying that person. Information can "itself" do the former but not the latter. Actually identifying a person to whom information uniquely refers requires comprehension or understanding on the part of the recipient of that information. Furthermore, this overlooked distinction explains where the boundaries of PII lie for purposes of a motion to dismiss. Unique Information—which singles out a particular individual—is PII if the person to whom that information is disclosed can make the connection between a unique-but-unknown individual and that individual's actual identity. But whether that link can be made is a

9

question for the jury, and as a result, a complaint alleging disclosure of Unique Information should not be dismissed. Non-Unique Information, on the other hand—which does not single out a unique individual—*cannot* be PII, and a complaint alleging only disclosure of Non-Unique Information could be dismissed. Here, because a Roku device identification number uniquely singles out a particular person—the owner of the Roku device—a jury could find that it was PII, and this Court should not have dismissed Mr. Robinson's Complaint.

## III.   OVERLOOKING THE DISTINCTION BETWEEN SINGLING OUT AND IDENTIFYING RESULTED IN AN UNWORKABLE TEST.

There are two main problems with the Court's "must itself identify" test resulting from its failure to appreciate the distinction between singling out and identifying. First, under the Court's test, *nothing* is PII because, as explained in Part I above, no information can "itself" identify an individual. The Court implicitly acknowledged that problem in its treatment of name and address. Recognizing that neither name nor address can "itself" identify an individual (dkt. 40 at 7) ("Which John Smith, or which Main Street, among thousands?"), but that both are expressly included in the definition of PII (dkt. 40 at 9), this Court held that names and addresses "are *per se* identifying such that their disclosure amounts to a violation of the statute" (dkt. 40 at 9). As such, this Court was forced to create categorical exceptions to its own rule for name and address. But because *no information* itself identifies a particular individual, only information categorically excepted can be PII. And while this Court recognized that PII includes more than just name and address (dkt. 40 at 6-7), its test allows for nothing beyond those two pieces of information unless also categorically excepted. Thus, things like Social Security Number, e-mail address, phone number, and driver's license number (to name a few) are

not PII under this Court's test.

The other problem with the Court's test is that while it acknowledges that "context may matter," it limits the context considered to information disclosed by the video provider and expressly excludes consideration of information or knowledge already possessed by the disclosure's recipient. (Dkt. 40 at 9.) Thus—under the Court's test— while Disney could not disclose Roku device identification numbers plus a key linking those numbers to actual people, it would be okay for Disney to disclose Roku device identifiers to a third party it knew already had such a key. But that result misses the point explained in Part II above that the ability to link information that singles out a particular person with the actual identity of that person *always* depends on what the recipient already knows or doesn't know.

Consider the statement "James Robinson watched Peter Pan last night." Such a disclosure would clearly pass this Court's test as PII. But consider, then, the disclosure " 제임스 로빈슨은 어제 밤에 피터팬 영화를 봤다." Does this information "itself" identify James Robinson as having watched Peter Pan last night? It would to a Korean-speaking recipient. But would it to a non-Korean-speaking recipient? To a non-Korean-speaking recipient with a Korean/English dictionary? Under the Court's test, if Disney made that disclosure to an English-only-speaker, it would be PII if disclosed along with a Korean/English dictionary, but not if disclosed alone to someone who already had a Korean/English dictionary.

While this Court noted that the "generalized principle" that much of human language is symbolic and communicated through systems of letters and numbers was "not particularly useful" in understanding what constitutes PII (dkt. 40 at 8 n.2), respectfully,

recognizing that principle *is* helpful in appreciating the point. It illustrates the point discussed above that whether information can be comprehended or not depends on the capabilities of the information's recipient. Just as the information "제임스 로빈슨은 어제 밤에 피터팬 영화를 봤다" identifies Mr. Robinson as having watched Peter Pan last night to a Korean speaker but not to a non-Korean speaker, the information "the owner of the Roku device number X watched Peter Pan last night" does the same to someone—like Adobe—who essentially "speaks" Roku.

## **CONCLUSION**

Information cannot "itself" identify—as opposed to single out—a particular individual. Consequently, courts in various contexts have recognized that whether information disclosed by a defendant identifies a plaintiff depends on whether the recipient of that disclosure understood that the defendant was referring to the plaintiff. This is ultimately a question of fact for the jury, and Mr. Robinson's VPPA claim should therefore have been dismissed only if his allegations were incapable of supporting a jury's finding that the information disclosed by Disney identified him to Adobe.

The distinction between singling out and identifying is a subtle one, and is easy to overlook. While this Court's doing so was thus understandable, it affected its ruling on the motion to dismiss. Plaintiff respectfully requests that this Court reconsider its ruling and deny the motion to dismiss.

Dated: November 18, 2015

Respectfully Submitted,

**JAMES ROBINSON**, individually and on behalf of all others similarly situated

s/ J. Dominick Larry
    *Plaintiff's Counsel*

Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 N. LaSalle St., Suite 1300
Chicago, Illinois 60654
Tel: 312.572.7212
Fax: 312.589.6378

Fred D. Weinstein
fweinstein@kelaw.com
KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP
One North Broadway
White Plains, New York 10601
Tel: 914.285.9800
Fax: 914.285.9855

*Counsel for Plaintiff and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2015, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*s/* J. Dominick Larry   </u>

14