## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES ROBINSON, individually and
on behalf of all others similarly situated,

     *Plaintiff*,

   *v.*

DISNEY ONLINE d/b/a
DISNEY INTERACTIVE,
a California Corporation,

     *Defendant*.

No. 14-cv-04146-RA (DCF)

The Honorable Ronnie Abrams

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER

## <u>TABLE OF CONTENTS</u>

1.    This Court has Complete Discretion to Grant or Deny Mr. Robinson's Request ... 1

2.    Disney Fails to Provide Any Original Analysis in Response to the Merits of Mr. Robinson's Motion ............................................................................................. 2

## **<u>TABLE OF AUTHORITIES</u>**

**United States Circuit Court of Appeals Cases**:

*Bartels v. Hecker*,
    No. 93-2266, 1995 WL 24911 (10th Cir. Jan. 23, 1995) ......................................2

*Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986) .................................................................2

*Geisler v. Petrocelli*, F.2d 636 (2d Cir. 1980) ...................................................................3

*U.S. v. Christy*, 739 F.3d 534 (10th Cir. 2014) ...................................................................2


**United States District Court**:

*Handelman v. Hustler Magazine, Inc.*,  469 F. Supp. 1048 (S.D.N.Y. 1978) ...................5

*Kolinek v. Walgreen Co.*,
    No. 13-cv-4806, 2014 WL 3056813 (N.D. Ill. July 7, 2014) ...............................2

*Lisowski v. Reinauer Transp. Co.*,
    No. 03-cv-5396, 2009 WL 763602 (S.D.N.Y. Mar. 23, 2009) .............................1


**Miscellaneous**:

18 U.S.C. § 2710 .......................................................................................................... 1, 3, 4

Fed. R. Civ. P. 59 ................................................................................................................2

Michael Dolan, *The Bork Tapes*, Washington City Paper (Sept. 25, 1987),
    *available at* http://www.theamericanporch.com/bork5.htm ..................................4

S. Rep. 100-599 ...................................................................................................................4

Disney responds to Mr. Robinson's Motion to Reconsider (the "Motion") with pages of boilerplate argument on the standards for reconsideration, and virtually no original analysis of the distinction between singling out and identifying an individual that was raised by Plaintiff. Nothing in Disney's response prevents this Court from reconsidering its prior ruling or does anything to meaningfully dispute the merits of Plaintiff's argument.

1.    **This Court has Complete Discretion to Grant or Deny Mr. Robinson's Request.**

Disney spends more pages on the standards for reconsideration than it does addressing the merits of Plaintiff's arguments. Mr. Robinson agrees that reconsideration is an extraordinary remedy. That said, the meaning of "personally identifiable information" under the VPPA is an important issue with which district and appellate courts throughout the country are currently struggling. Mr. Robinson respectfully believes that this Court erred in holding that "PII is information *which itself identifies* a particular person as having accessed specific video materials," (dkt. 40 at 9) (emphasis added), and carefully explained how the Court's overlooking the distinction between singling out and identifying an individual apparently led to that error.

Ultimately, reconsideration is a matter of discretion, *see Lisowski v. Reinauer Transp. Co.*, No. 03-cv-5396, 2009 WL 763602 at *1 (S.D.N.Y. Mar. 23, 2009), and this Court is obviously free to deny the motion—just as it is free to grant it should it find Mr. Robinson's explanation compelling. However, Disney's argument that the legal standards governing motions to reconsider *bar* this Court's reconsideration of its dismissal order (*see, e.g.*, dkt. 47 at 5) (arguing that Plaintiff failed to satisfy "the strict standard for reconsideration" and that doing so was "fatal") is without foundation. *See, e.g., U.S. v.*

*Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (holding that "the district court acted well within its discretion in granting the motion to reconsider … in order to rule on an issue it mistakenly overlooked," even though party had opportunity to and did raise issue in briefing; *Bartels v. Hecker*, No. 93-2266, 1995 WL 24911, at *3 (10th Cir. Jan. 23, 1995) (unpublished) ("[I]t would certainly not be proper, nor in the interest of judicial economy, for the court to be unable to modify an order which it later determines to be legally incorrect. We thus conclude that the district court did not abuse its discretion in granting the motions to reconsider[.]"); *Kolinek v. Walgreen Co.*, No. 13-cv-4806, 2014 WL 3056813, at *2 (N.D. Ill. July 7, 2014) (granting motion to reconsider where court "conclude[d] that it erred" in interpreting agency order discussed by parties in their briefing). As such, the Court may, in its discretion, consider the merits of the arguments presented in the Motion on reconsideration. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986) (Easterbrook, J.) ("[T]he purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.").

**2.      Disney Fails to Provide Any Original Analysis in Response to the Merits of Mr. Robinson's Motion.**

Mr. Robinson's Motion details how (1) whether disclosed information identifies someone depends on whether the recipient understands to whom the disclosure refers, and (2) whether the recipient has such understanding is ultimately a question for a jury. Disney utterly fails to respond to the latter argument and responds to the former not by engaging the arguments in the Motion, but by largely parroting the Court's own words back at it. Such an approach is unhelpful on reconsideration.

First, Disney attacks Mr. Robinson's argument that whether information identifies a person depends on the recipient's understanding as relying on "the unanticipated and unknown capabilities of third parties to 'understand' certain information." (Dkt. 47 at 12.) This criticism completely misses the point. Whether Adobe—the recipient of Disney's disclosures here—has the capability to identify Plaintiff and other Disney users by their Roku ID number is precisely the question at issue in this suit. While Plaintiff alleges that Adobe can do so (*see, e.g.*, dkt. 20 at ¶¶ 29, 56), whether that allegation is *true* is a fact to be determined by a jury after discovery and trial. But to attack Plaintiff's position on the grounds that it is "unknown" whether Adobe can actually identify Disney consumers by their Roku ID number is like attacking a defamation complaint at the pleading stage because it is "unknown" whether the recipient of the allegedly defamatory words knows who the defendant is talking about. The whole point of the litigation is to determine whether the recipient knows or understands to whom the words or (in this case) the information refer. *See, e.g., Geisler v. Petrocelli*, 616 F.2d 636, 639-40 (2d Cir. 1980).[1]

Second, Disney tries to distinguish the defamation and other common law actions discussed by Mr. Robinson by pointing to slight differences in terminology. (Dkt. 47 at 11.) But while Disney is correct that the VPPA refers to "information which identifies a

---

[1]     To the extent Disney's concern is that Adobe's ability to identify individuals from their Roku ID was "unanticipated" by Disney, that is likewise misplaced. If Disney didn't know that Adobe could identify Disney consumers by their Roku ID number, Disney would presumably not be liable for the disclosure. *See* 18 U.S.C. § 2710(b)(1) ("A video tape service provider who *knowingly* discloses, to any person, personally identifiable information … shall be liable[.]") (emphasis added). Regardless, whether Disney knew or should have known of Adobe's capabilities—like Adobe's capabilities themselves—is a proper subject for discovery and ultimate jury determination.

person" while the common law cases refer to information "of and concerning" individuals or whether an individual is "identified or identifiable," it provides absolutely no explanation why these distinctions are relevant. To the contrary, the issue in all the cases cited—like the issue here—is whether a statement or disclosure made by a defendant references the plaintiff in such a way that a third-party knows whom the defendant is talking about.

Finally, Disney makes one additional argument in a footnote. It asserts that a Roku device ID does not refer to a single, unique individual because the device "might be shared by a family, roommates, by the staff of an office, or by the residents of a college dormitory." (Dkt. 47 at 10 n.2.) As an initial matter, the VPPA's legislative history suggests that just because individuals in a household or other group may share a Roku device does not render that device's ID number not "personally identifiable." The express inspiration for enactment of the VPPA was the disclosure of films Judge Bork's *family* had rented. *See* S. Rep. 100-599, at 5 ("The impetus for this legislation occurred when a weekly newspaper in Washington published a profile of Judge Robert H. Bork based on the titles of 146 films his family had rented from a video store."); Michael Dolan, *The Bork Tapes*, Washington City Paper (Sept. 25, 1987), *available at* http://www.theamericanporch.com/bork5.htm ("The tapes in question were rented via an account established in Mrs. Bork's name. Robert Bork appears on the records only in the supporting role of 'husband' under the category of 'Other Users.' There's no way to determine which films he selected and which choices were his wife's, but hey, he's the man of the castle. For debate's sake, let's hold him responsible."). In any event, whether a statement ostensibly about a group of people sufficiently identifies one of those people

in particular is a question eminently within the capabilities of a trier of fact. *See*, *e.g.*,

*Handelman v. Hustler Magazine, Inc.*, 469 F. Supp. 1048, 1049-50 (S.D.N.Y. 1978)

(holding that it was "for the jury to decide" whether an allegedly defamatory statement

about a group of lawyers applied to plaintiff, a particular member of the group).

*                    *                    *

With all due respect, this Court's dismissal of the case at the pleading stage based

on its belief that the disclosure must "itself" identify Plaintiff—rather than simply

identify Plaintiff *to Adobe*—was error and should be reconsidered.

Respectfully Submitted,

**JAMES ROBINSON**, individually and on
behalf of all others similarly situated

Dated: December 9, 2015                    By: s/ J. Dominick Larry
                                               One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 N. LaSalle St., Suite 1300
Chicago, Illinois 60654
Tel: 312.572.7212
Fax: 312.589.6378

Fred D. Weinstein
fweinstein@kelaw.com
KURZMAN EISENBERG CORBIN LEVER & GOODMAN, LLP
One North Broadway
White Plains, New York 10601
Tel: 914.285.9800
Fax: 914.285.9855

*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2015, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ J. Dominick Larry